UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.S., BY HIS NATURAL PARENT AND
GUARDIAN, N.S., et al.,

                    Plaintiffs,

    v.                                          **ORDER**
                                                00-CV-513S

ATTICA CENTRAL SCHOOLS,

                    Defendant.
_____

## I. INTRODUCTION

Plaintiffs, disabled students attending public school within the Attica Central School District, commenced this action on June 14, 2000. In their Complaint, Plaintiffs allege that the Defendant School District has violated its statutory and regulatory obligations to students who are educationally, physically or otherwise disabled or suspected of being disabled. Plaintiffs' claims arise under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), 42 U.S.C. § 1983 ("Section 1983"), and related New York State education laws. Plaintiffs seek equitable relief, costs and attorneys' fees.[1] Currently before this Court is the Plaintiffs' renewed motion for class certification. For the reasons that follow, Plaintiffs' motion is granted.

## II. BACKGROUND

**A.**     **Facts**

Plaintiffs are students attending public schools within the Attica Central School District ("School District") or students entitled to receive educational and other services

---

[1] In their Complaint, Plaintiffs also asked for compensatory damages, but they later withdrew that request on the record.

1

from the School District. (Compl., ¶ 2). Plaintiffs are educationally, physically or otherwise disabled or suspected of being disabled. (Compl., ¶ 2). This action is brought on behalf of these students by their parents and natural guardians. (Compl., ¶ 2).

Plaintiffs bring their claims under the IDEA, Section 504, Section 1983, and corresponding state laws designed to ensure an appropriate public education or reasonable accommodation at public expense for disabled school children. (Compl., ¶¶ 105-118). Plaintiffs allege systemic violations of the law in the School District including the failure to provide access to school facilities for students with physical disabilities, and the failure to promptly evaluate and appropriately place children with disabilities or suspected disabilities in the least restrictive environment. (Compl., ¶¶ 3-5).

Three of the original Plaintiffs remain in the case. (Pls' Aff., ¶ 3).[2] The facts relevant to these remaining Plaintiffs, as set forth in the Complaint, are as follows. Plaintiff J.S., or John, is classified by the School District's Committee on Special Education ("CSE") as multiply disabled. (Compl., ¶ 16). John has cerebral palsy, is mentally retarded, and has perceptual and motor deficits. (Compl., ¶ 18). These conditions render him physically handicapped and dependent on a wheelchair for his movement. (Compl., ¶ 17). John is only able to get in and out of the Middle School building through the shop class, and he does not have adequate access to the school's computer room, nurse's office, weight room, home economics room or swimming pool. (Compl., ¶¶ 9-13). He also does not have adequate or safe toilet access. (Compl., ¶ 14).[3]

---

[2] Since the commencement of this action, S.H. died tragically from an epileptic seizure, C.H. "aged out" of school, and D.E. "dropped out" of school. (Pls' Aff., ¶ 3). This Court does not agree with Defendant's contention that this attrition indicates declining interest in this action.

[3] Since the commencement of this case, John's parents withdrew him from the School District in favor of home instruction. (Bates Aff., ¶ 80; Or. Arg. Trans. (Aug. 10, 2005), p. 3). While John's parents have declined any special education services (Bates Aff., ¶ 80), John remains entitled to a free

Plaintiff C.Z., or Caroline, attends Prospect Elementary School in a program for at-risk students. (Compl., ¶ 57). Although she receives speech services from the School District, Caroline is not classified under the IDEA. (Compl., ¶ 57). Caroline was tested and denied special services because her score was too high. (Compl., ¶ 59). The School District failed to provide her parent with a copy of the relevant tests and evaluations that were used to determine that she was not eligible for special education. (Compl., ¶ 59).

Plaintiff K.Z., or Ken, is a student in the Attica Central School District in a regular education classroom. (Compl., ¶ 60). During the 1998-99 school year, the CSE declassified him as speech impaired. (Compl., ¶ 61).

**B.    Procedural History**

Plaintiffs commenced this action on June 14, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Plaintiffs filed a Motion to Certify the Class that same day. On August 15, 2000, the School District moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. By Decision and Order entered on October 1, 2001, this Court denied the motion in its entirety but certified the issue of subject matter jurisdiction for interlocutory appeal at the request of the School District.

On February 11, 2003, Plaintiffs' Motion to Certify the Class was withdrawn without prejudice and with leave to re-file *nunc pro tunc* to the date of original filing pending a determination by the Second Circuit that this Court had subject matter jurisdiction in this case. The Second Circuit affirmed this Court's Decision and remanded the case for further proceedings on November 2, 2004. On June 27, 2005, Plaintiffs renewed their Motion to

---

appropriate public education and special education services from the School District until he reaches 21. See Heldman v. Sobol, 962 F2d 148, 157 (2d Cir. 1992).

Certify the Class.[4]  This Court heard oral argument on August 10, 2005, and reserved decision at that time.

### III. DISCUSSION

**A.   IDEA**

The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). To facilitate this goal, the IDEA requires the educators and parents of a disabled student to jointly develop an Individualized Education Program ("IEP") for each year of the child's education. Polera v. Bd. of Educ. of the Newburgh Enlarged Sch. Dist., 288 F.3d 478, 482 (2d Cir. 2002).

The IDEA provides for two levels of administrative review: an impartial due process hearing and an appeal. See 20 U.S.C. § 1415(f) and (g). Under the IDEA, a decision made in an impartial due process hearing may be appealed to the second level of administrative review. See 20 U.S.C. § 1415(i)(1). Under the New York Code of Rules and Regulations, that appeal is to the State Reviewing Officer ("SRO"). See 8 N.Y.C.R.R. § 200.5(j). Actions brought under the IDEA must normally adhere to the exhaustion requirements. Heldman v. Sobol, 962 F.2d 148, 158 (2d Cir. 1992). Exhaustion is also required when relief is sought under other federal statutes but is also available under the IDEA. See 20 U.S.C. § 1415(l); Hope v. Cortines, 872 F. Supp. 14, 19 (E.D.N.Y. 1995),

---

[4]   In support of their renewed Motion for Class Certification, Plaintiffs submitted a supplement dated June 27, 2005, an attorney affidavit by Bruce A. Goldstein dated June 27, 2005, a memorandum of law, a supplement dated June 14, 2000, an attorney affidavit by Bruce A. Goldstein dated June 14, 2000, an affidavit by N.S., an affidavit by J.H., an affidavit by K.Z., an affidavit by S.E., an affidavit by Melinda Saran, a reply memorandum of law, and a reply affidavit with an exhibit.  In opposition to the Motion, Defendants filed an affidavit by Jeanne Bates and a memorandum of law with exhibits.

aff'd, 69 F.3d 687 (2d Cir. 1995). However, the case law has carved out an exception to the exhaustion requirement when exhaustion would be futile because administrative procedures do not provide adequate remedies. See J.G. v. Bd. of Educ., 830 F.2d 444, 447 (2d Cir. 1987).

In its Motion to Dismiss, Defendant argued *inter alia* that Plaintiffs did not exhaust their administrative remedies and that this Court thus lacked subject matter jurisdiction over Plaintiffs' claims under the IDEA, Section 504 and Section 1983. This Court found, however, that the futility exception applied to Plaintiffs' claims because they were predicated on alleged systemic violations for which there were no adequate administrative remedies.[5] Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction was denied. On appeal, the Second Circuit affirmed, reasoning that Plaintiffs' Complaint did not challenge the content of the individual student's IEPs, but rather, the School District's total failure to prepare and implement IEPs. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 115 (2d. Cir. 2004). As such, the Second Circuit concluded that on its face, Plaintiffs' Complaint did not present a "textbook" case requiring administrative exhaustion, and therefore, held that this Court had subject matter jurisdiction. J.S., 386 F.3d at 114-15.

B. **Standard for Class Certification**

Plaintiffs seeking to certify a class bear the burden of demonstrating the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure -- numerosity, commonality, typicality and adequate representation. See FED.R.CIV.P. 23(a); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999). "In addition to satisfying

---

[5] As this Court noted, such cases are often class actions. See, e.g., J.G. v. Bd. of Educ. of the Rochester City Sch. Dist., 830 F.2d 444 (2d Cir. 1987); Jose P. v. Ambach, 669 F.2d 865 (2d Cir. 1982).

the strictures of Rule 23(a), . . . litigant[s] seeking to certify a class must qualify for one of the three class categories described under Rule 23(b)." Boyland v. Wing, No. 92 Civ. 10002(DGT), 2001 WL 761180, at *11 (E.D.N.Y. Apr. 6, 2001). That is, the class will be certified if separate actions would create a risk of inconsistent adjudications, if the opposing party's actions or omission towards the class as a whole make injunctive or declaratory relief appropriate, or if common questions predominate over individual questions. See FED.R.CIV.P. 23(b); Becher v. Long Island Lighting Co., 164 F.R.D. 144, 148 (E.D.N.Y.1996).

Plaintiffs moving for class certification "are not obliged to make an extensive evidentiary showing in support of their motion," but they must present "sufficient factual information to enable the Court reasonably to permit the [case] to continue as a class action under Rule 23." Boyland, 2001 WL 761180, at *5 (internal citations omitted). In resolving whether a class should be certified, "[t]he requirements of Rule 23 are to be applied liberally, not restrictively." In re Indep. Energy Holdings PLC Sec. Litig., 210 F.R.D. 476, 479 (S.D.N.Y. 2002) (citing In re Blech Sec. Litig., 187 F.R.D. 97, 102 (S.D.N.Y. 1999)). A court must accept as true the allegations set forth in the complaint, Sharif by Salahuddin v. New York State Educ. Dep't, 127 F.R.D. 84, 87 (S.D.N.Y. 1989), without inquiry into the merits of the claims therein. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S. Ct. 2140, 2152, 40 L. Ed. 2d 732 (1974); see also Green v. Wolf Corp., 406 F.2d 291, 298 (2d Cir. 1968).

Plaintiffs define the proposed class as "children between the ages of 3 to 21 residing in the Attica Central School District, present and future, who are and should be classified as disabled per the definition in the [IDEA] or the Rehabilitation Act . . . , but who are denied their rights pursuant to said statutes, either substantively or procedurally, due to

inadequacies in the defendant school district." (Compl., ¶ 10; Pls' 2005 Supp., ¶ 2). This Court will examine whether Plaintiff has met the requirements of Rule 23 with respect to this proposed class.

### i. Rule 23(a) Requirements

Numerosity - "The numerosity requirement under Federal Rule 23(a) is satisfied when the class is 'so numerous that joinder of all members is impracticable.'" Frank v. Eastman Kodak Co., 228 F.R.D. 174, 180 (W.D.N.Y. 2005) (quoting FED.R.CIV.P. 23(a)(1)). "Impracticability does not mean impossibility of joinder, but refers to the difficulty or inconvenience of joinder." In re Indep. Energy Holdings PLC Sec. Litig., 210 F.R.D. at 479. Generally, "[c]ourts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement." Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). While a potential class of forty members is generally presumed sufficiently numerous, Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir.1995), there is "no magic minimum number that breathes life into a class." German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 553 (S.D.N.Y. 1995) (reasoning that "lack of knowledge of the exact number of persons affected is not a bar to certification where the defendants alone have access to such data"). Where the precise number of affected persons is within a defendant's control, it is "permissible for . . . plaintiffs to rely on reasonable inferences drawn from the available facts." German, 885 F. Supp. at 552; McNeill v. New York City Housing Auth., 719 F. Supp. 233, 252 (S.D.N.Y. 1989); LV v. New York City Dept. of Educ., No. 03 Civ. 9917(RJH), 2005 WL 2298173, at *3 (S.D.N.Y. Sept. 20, 2005).

Plaintiffs allege that the number of children residing in the School District who are either disabled or suspected of being so disabled or are otherwise disabled, is so numerous that joinder of all persons is impracticable. (Pls' Mem., p. 3). The School

7

District does not contest that Plaintiffs have satisfied the numerosity requirement, and it is undisputed that Defendant alone possesses information about potential class members. The affirmation of Jeanne Bates, the Chair for the School District's Committee on Special Education and for its Committee on Preschool Education, indicates that of the approximately 1,719 students in the Defendant School District, there are currently 227 students who are classified for special education and/or Section 504.  (Bates Aff., ¶¶ 1, 26).  Put another way, over 13% of the School District's student body has been identified as disabled.  This Court finds that the number of students that are considered disabled in the School District makes joinder of the proposed class members impracticable.[6] Additionally, since the proposed class includes future members who are necessarily unidentifiable, which makes joinder even more impracticable, numerosity must be recognized.  See Ray M. by Juana D. v. Bd. of Educ. of City Sch. Dist. of City of New York, 884 F. Supp. 696, 706 (E.D.N.Y. 1995); Andre H. by Lula H. v. Ambach, 104 F.R.D. 606, 611 (S.D.N.Y. 1985); Gomez v. Illinois State Bd. of Educ., 117 F.R.D. 394, 399 (N.D.Ill. 1987).

Commonality - Rule 23(a)(2) requires there to be "questions of law or fact common to the class."  FED.R.CIV.P. 23(a)(2).  A common question of fact or law exists when "[t]he legal theory set forth in [the] Complaint is common to all class members."  Noble v. 93 Univ. Place Corp., 224 F.R.D. 330, 343 (S.D.N.Y. 2004).  In this action, Plaintiffs have articulated a common issue of law - namely, whether the School District is violating the substantive and procedural rights of the proposed class members - rights guaranteed to individuals with disabilities by the Fourteenth Amendment, the IDEA, Section 504 and

---

[6] In addition, the fact that the identity of the students cannot be disclosed without authorization makes joinder even more difficult.

8

related New York State education laws.

Plaintiffs have also identified some distinct questions of law, including whether the School District has failed:  (1) to promptly determine the eligibility of disabled or suspected disabled students for appropriate services; (2) to provide access to school facilities, services and accommodations for students with physical disabilities; (3) to notify parents of disabled students of meetings or to provide legally required progress reports; and (4) to provide appropriate training to school staff.

Where, as here, a proposed class action effectively challenges a school district's failure to evaluate and accommodate disabled students on a system-wide basis, courts routinely find that commonality is satisfied.  See Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997) (affirming class certification where the plaintiffs alleged that defendants violated a complicated scheme of constitutional, regulatory and statutory provisions designed to provide child welfare services by failing to operate and maintain a functioning child welfare system); D.D. v. New York City Bd. of Educ., No. 03 Civ. 2489(DGT), 2004 WL 633222, at *26 (E.D.N.Y. Mar. 30, 2004) (certifying the class where plaintiffs alleged that defendants failed to provide services listed on their IEPs in a timely manner in violation of the IDEA, ADA, and 42 U.S.C. §§ 1983 and 1988); Louis M. by Velma M. v. Ambach, 113 F.R.D. 133, 136 (N.D.N.Y. 1986) (holding that commonality was established where plaintiffs challenged the inadequate state appellate review by which disabled students contested their educational placements); Andre H., 104 F.R.D. at 611 (S.D.N.Y. 1985) (finding that commonality was satisfied where plaintiffs asserted that defendants failed to develop and implement policies and procedures ensuring that disabled children at juvenile centers would be provided free appropriate public education); Upper Valley Assoc. for Handicapped Citizens v. Mills, 168 F.R.D. 167, 170 (D.Vt. 1996) (holding that commonality

was established where plaintiffs alleged that defendants' implementation of procedures mandated by the IDEA was deficient).

As in the foregoing cases, Plaintiffs in this action do not challenge the appropriateness of any individual student's IEP, nor do they allege wrongdoing that is directed at any individual child.  Rather, the Complaint alleges that the School District's program for the education of disabled children as a whole is inherently flawed, and that certain students have been negatively impacted by the failures of that program.  See J.G., 830 F.2d at 446-47.  Accordingly, this Court finds that the questions of law and fact raised in the Complaint are common to the proposed class members within the meaning of Rule 23.

Typicality - To satisfy the typicality requirement of Rule 23(a), Plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED.R.CIV.P. 23(a)(3).  The typicality and commonality requirements of Rule 23 overlap to some extent.  See Louis M., 113 F.R.D. at 136. Generally, typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  Marisol A., 126 F.3d at 376 (internal quotations omitted).  However, it is well established that the "typicality requirement does not dictate that each named plaintiff claim that he or she has suffered every type of harm alleged by the class."  Ray M., 884 F. Supp. at 706.

Plaintiffs' Complaint alleges numerous systemic violations in Defendant's special education program that potentially affect each disabled student in the Attica School District. The fact that each named Plaintiff suffered a distinct harm as a result of those district-wide violations does not render his or her claim atypical.  Because Plaintiffs assert these

violations in the aggregate on behalf of all class members, this Court finds that the typicality requirement is satisfied. See Ray M., 884 F.Supp. at 706 (citing Kenavan v. Empire Blue Cross and Blue Shield, No. 91 Civ. 2393(KMW), 1993 WL 128012, at *4 (S.D.N.Y. Apr. 19, 1993)).

Adequacy - Finally, plaintiffs must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a). This determination rests on two factors: "(1) the adequacy of the representative and (2) the adequacy of his counsel." Andre H., 104 F.R.D. at 612. There is no indication that the interests of the proposed class representatives are antagonistic to those of the proposed class. Noble, 224 F.R.D. at 339 (S.D.N.Y. 2004). Moreover, the record reflects that Plaintiffs' attorneys are experienced with civil rights and class action litigation in Federal Court. Accordingly, the Court finds that the class will be adequately represented by the named Plaintiffs and their counsel.

### ii.  Rule 23(b) Requirements

Having met the requirements of Rule 23(a), Plaintiffs urge that this action should be certified under Rule 23(b)(2) or (b)(3). Rule 23(b)(2) applies to cases in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED.R.CIV.P. 23(b)(2). Certification under Rule 23(b)(3) is appropriate when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED.R.CIV.P. 23(b)(3).

Plaintiffs allege that the School District has "acted or refused to act on grounds

applicable to the class." They seek comprehensive injunctive relief for systemic failures in the School District's special education program. Accordingly, this Court finds that certification under Rule 23(b)(2) is appropriate.[7] Andre H., 104 F.R.D. at 612; Louis M., 113 F.3d at 137-38; Marisol A., 126 F.3d at 378.

### iii.     Disclosure of Class Member Records

Defendant has raised legitimate concerns that by disclosing the records of class members, the School District will compromise the confidentiality of students and parents. Plaintiffs suggest an opt-out mechanism, which this Court agrees will safeguard the confidentiality of student records while discovery is conducted.

Accordingly, Plaintiffs will prepare a notice to class members, which sets forth an explanation of the case and indicates that: (1) this Court will exclude the member from the class if the member so requests by a specified date; (2) this Court will maintain the confidentiality of the class member if so desired; (3) the judgment, whether favorable or not, will include all members who did not request exclusion; and (4) any member who does not request an exclusion may enter an appearance through counsel, if the member so desires.

The School District shall provide the addresses of potential class members (i.e., students who fall within the definition of the class) to an impartial third party who will affix labels to envelopes enclosing notices for mailing. Plaintiffs will assume all costs associated with the notice to potential class members, including the costs of mailing.

## IV. CONCLUSION

Based on the foregoing, this Court finds that Plaintiffs have met all of the

---

[7]  Because this Court finds that certification under Rule 23(b)(2) is appropriate, it is unnecessary to determine whether certification under Rule 23(b)(3) would also be appropriate.

requirements for class certification under Rule 23. Accordingly, this Court orders that the class of "children between the ages of 3 to 21 residing in the Attica Central School District, present and future, who are and should be classified as disabled per the definition in the IDEA or the Rehabilitation Act, but who are denied their rights pursuant to said statutes, either substantively or procedurally, due to inadequacies in the defendant school district" be certified under Rule 23(a) and (b)(2), subject to the opt-out provision set forth herein.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiffs' Motion for Class Certification (Docket No. 44) is GRANTED.

FURTHER, that the proposed class is certified pursuant to Rule 23(b)(2), consistent with the foregoing decision.

FURTHER, that Plaintiffs shall prepare a notice for potential class members with an opt-out provision, consistent with the foregoing decision.

FURTHER, that Plaintiffs will incur all costs associated with providing notice to potential class members.


SO ORDERED.


Dated: March 7, 2006
      Buffalo, New York                       /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge