UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.S., *et. al.*,                                                       **DECISION**
                        Plaintiffs,                          **and**
    v.                                                              **ORDER**

ATTICA CENTRAL SCHOOLS,                                00-CV-513S(F)

                        Defendant.
_____

APPEARANCES:           GOLDSTEIN, ACKERHALT & PLETCHER, LLP
                                  Attorneys for the Plaintiffs
                                  BRUCE A. GOLDSTEIN, of Counsel
                                  70 Niagara Street, Suite 200
                                  Buffalo, New York    14202

                                  HARRIS BEACH LLP
                                  Attorneys for the Defendant
                                  DAVID W. OAKES, of Counsel
                                  99 Garnsey Road
                                  Pittsford, New York    14534


**JURISDICTION**

This matter was referred to the undersigned for entry of a scheduling order and all non-dispositive motions by order of Hon. William M. Skretny filed March 10, 2006 (Doc. No. 62). It is presently before the court on Plaintiffs' motions to compel filed August 17, 2006 (Doc. No. 70).


**BACKGROUND**

In this class action, Plaintiffs seek equitable relief to enforce rights arising under the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973 and state law ("the applicable law"). By order filed March 8, 2006, District Judge Skretny approved the class action pursuant to Fed.R.Civ.P. 23(a) and (b)(2), and certified the

class as "children . . . in the Attica Central School District, present and future, who are <u>and</u> <u>should</u> be classified as disabled . . ." as defined under the applicable law. (Decision and Order, dated March 8, 2006, Doc. No. 61 at 13 (underlining added) ("D&O")).

Plaintiff's motion was filed August 17, 2006 (Doc. No. 70) along with an Affidavit in Support ("Goldstein Affidavit") and exhibits ("Plaintiffs' Exhibit(s) ___") ("Plaintiff's Motion"). Defendant's Memorandum in Opposition to Plaintiff's Motion was filed September 25, 2006 (Doc. no. 73) ("Defendant's Memorandum"). Plaintiffs filed a reply affidavit on September 29, 2006 (Doc. No. 74) ("Goldstein Reply Affidavit").

Specifically, Plaintiffs contend that Defendant should be required to disclose the identities of students whose school files reveal personal characteristics which Plaintiffs contend indicate such students to be class members who "should be classified" as disabled based on five criteria stated in a letter from Plaintiffs' attorneys to Defendant's attorneys dated August 10, 2006. Plaintiffs' Exhibit E.

Defendant's refusal to do so is based on Defendant's contention that "there is no such thing as a student . . . [who] should be classified [as disabled]." Defendant's Response at 2. In its opposition, Defendant, primarily, argues Judge Skretny erred by including such students in the definition of the certified class. Defendant's Response at 3-4. In their Reply, Plaintiffs point to relevant statutes and regulations requiring that students who are "suspected of having a disability" are to be individually evaluated for a determination of whether particular students so identified are in fact disabled, and therefore entitled to special education benefits under applicable law. Plaintiffs' Reply at 3-4.

Despite Defendant's failure to pursue a timely appeal of Judge Skretny's order, *see* Fed.R.Civ.P. 23(f) (allowing appeal in discretion of court of appeals upon application within 10 days after entry of order certifying class), following oral argument conducted October 11, 2006, on Plaintiffs' motion, Defendant moved, on October 19, 2006, to amend Judge Skretny's class certification order to delete "students who should have been determined" as disabled from the definition of the certified class in this action. Doc. No. 76. To date, that motion remains pending before Judge Skretny. Defendant's motion to stay proceedings concerning Plaintiffs' motion was denied by order filed November 2, 2006 (Doc. No. 81).

Plaintiffs' purpose in obtaining the requested names is to enable Plaintiffs, through a neutral party, to provide the parents or guardians of identified children with notice of the action so as to permit such parents or guardians to exercise the right to opt-out of the instant action as provided by Judge Skretny's order. D&O at 12-13. Although not specified in Plaintiffs' motion, the identity of such students, assuming they, through their parents or guardians, elect to remain in the case, would also constitute the group upon which discovery in support of Plaintiffs' claims regarding this segment of the class will be conducted. At the conclusion of oral argument, the parties were directed by the court to submit affidavits from education experts stating relevant criteria that would assist the parties and the court in deciding Plaintiffs' motion by providing guidance as to the identification of students who "should be classified as disabled" but were not so classified by Defendant and thus are members of the class. In accordance with the court's direction, on November 7, 2006, Defendant filed the affidavit of Jay Gottlieb, Ph.D., (Doc. No. 82) ("Gottlieb Affidavit"), and on November 10, 2006,

Plaintiffs filed the affidavits of James P. Balcerzak, Ed.D. (Doc. No. 83) ("Balcerzak Affidavit") and Warren L. Gleckel, Ph.D., (Doc. No. 84) ("Gleckel Affidavit").

Summarizing Defendant's position, according to Professor Gottlieb, an evaluation to determine whether a student is or should be treated as disabled for purposes of applicable law requires a "multiple-disciplinary assessment" of the "individual needs of a student," which assessment is "subject to significant professional differences of opinion." Gottlieb Affidavit ¶ ¶ 8, 9. Professor Gottlieb also maintained, as relevant to Plaintiffs' motion, that there is no single "factor or matrix of factors that determines that a child should be considered as a child suspected of having a disability," cognizable under applicable law. *Id.* ¶ 13. Nevertheless, Professor Gottlieb noted 27 factors that "might be considered" in reaching a determination of disability for a particular student. *Id.* ¶ 15.

However, both Dr. Balcerzak and Dr. Gleckel averred that to comply with applicable law education professionals are capable of identifying students who are "suspected of 'having a disability'" for referral and decision by a school's committee on special education ("CSE"). Balcerzak Affidavit ¶ 7; Gleckel Affidavit ¶ ¶ 3-4. Unlike Professor Gottlieb, Drs. Balcerzak and Gleckel point to several accepted criteria used by education professionals to determine whether a student "is suspected of having a disability." Balcerzak Affidavit ¶ ¶ 5-6; Gleckel Affidavit ¶ 5. According to Drs. Balcerzak and Gleckel, a match between application of such criteria to a child's particular school record should cause a child's case to be considered by a school's CSE for a decision whether the child should be treated as one with a disability for purposes of applicable law and thus a student entitled to participate in the special

educational programs and receive benefits available under such laws.  Balcerzak Affidavit ¶ ¶ 4-5; Gleckel Affidavit ¶ ¶ 4-5.  Contrariwise, according to Professor Gottlieb, any determination that a child is suspected of being disabled is highly subjective and not amenable to application of a limited number of objective considerations.  Gottlieb Affidavit ¶ 13.  Significantly, Professor Gottlieb did not deny that students are routinely classified as "a child suspected of having a disability," for referral to a school's CSE.

There is no merit in Defendant's contention that it is infeasible to identify students who should have been classified as disabled as relevant to this case.  Such asserted infeasibility did not avoid certification of similar types of classes in at least two other reported class action cases to enforce special education benefits.  *Gomez v. Illinois State Board of Education*, 117 F.R.D. 394, 403 (N.D. Ill. 1987) (certifying class action of students who should have been assessed as having limited English proficiency) and *J.G. by Mrs. G. v. Board of Education of Rochester City School District*, 648 F.Supp. 1452, 1457 (W.D.N.Y. 1986) (quoting Judge Elfvin's finding in an unpublished opinion that class action defendant engaged in "systemic" violations of special education rights of students "identified as possibly in need of special education."), *aff'd on other grounds*, 830 F.2d 444, 446 (2d Cir. 1987) (noting that defendant's "systemic" violations were based, *inter alia,* on defendant's "[f]ailing to evaluate students <u>suspected</u> <u>of</u> <u>having</u> <u>a</u> <u>handicapping</u> <u>condition</u> and to classify those students . . . within 30 days after referral . . . to the [defendant's Committee on the

Handicapped].) (underlining added).[1]  Thus, precedent and Judge Skretny's certification of the parameters of the instant class demonstrate judicial acceptance that allegations of systemic violations of the rights of students who have not been but should be determined by a school district as eligible for special education benefits can be determined at trial on the merits of claims raised in class actions like the one presented here.  Such conclusion is also consistent with the opinions of Plaintiffs' experts, neither of whom has been challenged by Defendant as insufficiently expert to render the opinions submitted to the court.

As noted, according to Defendant, the process of identifying students who should be reviewed by a school's committee on special education is one fraught with great subjectivity; however, that the decision – making process required by applicable law may be difficult, does not mean it is impossible.  Moreover, the existence of state regulations directing that students "suspected of being disabled" be promptly identified based on stated criteria refutes Defendant's argument, and Defendant does not contest the relevance of such regulations.  Thus, unless Judge Skretny determines otherwise, the court will consider Plaintiffs' right to discovery by reference to the scope of the present class definition.

Based on Drs. Balcerzak and Gleckel's affidavits, the court finds that a reasonable determination that a child is suspected of being disabled may be reached by reference to a limited number of criteria similar to those proposed by Plaintiffs.  The

---

[1] Although neither opinion indicates the issue was specifically raised by the parties, the court finds it significant that the purported difficulty of ascertaining whether a student could be considered as one suspected of having an educational disability was not perceived by the court or the parties to be germane.  The *Gomez* case is cited in the D&O at 8.

court, therefore, finds the opinions of Drs. Balcerzak and Gleckel to be more persuasive and of assistance to the court on the issue raised on Plaintiffs' motion.  Under Plaintiffs' allegations of Defendant's systemic violations of Plaintiffs' rights, such students would not be referred to the Defendant's CSE for a decision that they required the benefits available under applicable law.  According to Plaintiffs, the presence of such students in Defendant's schools and Defendant's failure to timely assess such students as disabled for purpose of receiving special education constitute a systemic violation of applicable law.

Dr. Balcerzak stated four criteria upon which to evaluate each students' education profile (Balcerzak Affidavit ¶ 6); Dr. Gleckel pointed to three criteria which are identical to three of the criteria identified by Dr. Balcerzak (Gleckel Affidavit ¶ 5).  The court finds that applying to the files of students enrolled in Defendant's schools the four criteria as described by Dr. Balcerzak will, based on competent education expert opinion, identify student files that are fairly within the scope of this segment of the certified class.  The parents or guardians of these students would then be subject to the required notice of the opt-out right established by Judge Skretny.  D&O at 12.  The files of the students not opting out will also constitute a substantial part of the factual predicate for Plaintiffs' claim that all or some of students so identified are class members who "should have been" determined to be disabled thereby demonstrating a "systemic" violation of applicable law.  D&O at 13.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Doc. No. 70) is GRANTED.

Defendant shall produce to the impartial third party the identity of students based on a review of Defendant's student files by application of the four criteria stated in the Balcerzak Affidavit for identification of students "suspected of having a disability" who should have been, but were not, referred to Defendant's CSE committee.

SO ORDERED.

                                                /s/ *Leslie G. Foschio*
                                          _____
                                                LESLIE G. FOSCHIO
                                      UNITED STATES MAGISTRATE JUDGE

Dated: January 5, 2007
       Buffalo, New York