UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.S., *et. al.*,
                                Plaintiffs,
          v.

ATTICA CENTRAL SCHOOLS,

                                Defendant.
_____

**DECISION
and
ORDER**

**00-CV-513S(F)**

APPEARANCES:        GOLDSTEIN, ACKERHALT & PLETCHER, LLP
                             Attorneys for the Plaintiffs
                             BRUCE A. GOLDSTEIN, of Counsel
                             70 Niagara Street, Suite 200
                             Buffalo, New York    14202

                             HARRIS BEACH LLP
                             Attorneys for the Defendant
                             DAVID W. OAKES, of Counsel
                             99 Garnsey Road
                             Pittsford, New York    14534

      In this class action alleging systemic violations of federal and state law pertaining to the special education needs of children, a disagreement has arisen between the parties in regard to Defendant's desire to have its special education consultants interview parents of class members, and observe special education committee meetings to evaluate and assess the special education needs and programs for class members. Particularly, at a pretrial conference conducted November 14, 2007, Plaintiffs agreed to permit the use of such procedures in lieu of responding to formal discovery requests by Defendant; however, since that time, the contemplated activity by Defendant's consultants has not proceeded because of the inability of the parties to agree on specifics regarding consent and cooperation by class member parents and other related issues.  As a result, at a pretrial conference conducted December 13, 2007, at which

the court entered a partial scheduling order pursuant to Fed.R.Civ.P. 16(b), the parties discussed with the court the issues that have arisen regarding such consultant activities, and the court directed the parties file affidavits in support of their respective positions. Those affidavits have now been received and filed, *viz.*, the affidavits of Professor Jay Gottlieb and David W. Oakes, Esq. ("Oakes Affiadvit"), on behalf of Defendant (Doc. Nos. 103 and 105, respectively) and the affidavit of Bruce A. Goldstein, Esq. on behalf of Plaintiffs (Doc. No. 104).  In sum, Defendant asserts that the proposed use of Defendant's consultants will aid Defendant in providing special education services to class members; Plaintiffs maintain the proposed consultant activity will not result in the discovery of admissible evidence.   At the December 13, 2007 conference, Defendant agreed that notwithstanding the incidental benefits of enabling Defendant to improve its delivery of special education services, the primary purpose for the consulting activity, as initially proposed by Defendant, was to function as an informal substitute for exercising formal discovery pursuant to the Federal Rules of Civil Procedure.  Defendant concedes the dual purpose in the use of the consultants at issue.  Oakes Affidavit ¶ 2.

Under Fed.R.Civ.P. 16(b), 26(b)(1) and 26(c), the court has broad authority to regulate the conduct and extent of pretrial discovery in any federal civil action.  As well, Fed.R.Civ.P. 29 limits the effect of any stipulation that interferes with a schedule established by the court for the completion of discovery.  In class actions, case management orders should "permit the orderly and efficient development of the case." MANUAL FOR COMPLEX LITIGATION, FOURTH § 2.11.

Upon reading the respective affidavits submitted by the parties regarding the proposed use of Defendant's consultants at this point in this case, the court finds that

such proposed activities will unduly interfere with the efficient course of discovery as established and overseen by the court.  Specifically, the court finds that the energies of counsel and resources of the parties should be directed to the timely preparation of the particular discovery requests and responses as are presently being directed by the court.  If, in the further course of the pretrial preparation of the case by the parties, the use of consultants, as Defendant proposed, is believed by either party to be warranted, such party may seek permission to so utilize consultants upon a showing of good cause.  Accordingly, the consultative activity, as presently sought by Defendant and now disputed by Plaintiffs, shall not be permitted in this action without prior application and approval by the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 7, 2008
      Buffalo, New York