UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| J.S., *et. al.*,<br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>ATTICA CENTRAL SCHOOLS,<br>　　　　　　　　　　Defendant. | **DECISION**<br>**and**<br>**ORDER**<br><br>00-CV-513S(F) |

_____

APPEARANCES:　　　　GOLDSTEIN, ACKERHALT & PLETCHER, LLP
　　　　　　　　　　　Attorneys for the Plaintiffs
　　　　　　　　　　　BRUCE A. GOLDSTEIN, of Counsel
　　　　　　　　　　　70 Niagara Street, Suite 200
　　　　　　　　　　　Buffalo, New York   14202

　　　　　　　　　　　HARRIS BEACH LLP
　　　　　　　　　　　Attorneys for the Defendant
　　　　　　　　　　　DAVID W. OAKES, of Counsel
　　　　　　　　　　　99 Garnsey Road
　　　　　　　　　　　Pittsford, New York   14534

　　　　In this class action alleging "systemic" violations of federal and state special education laws and regulations, Defendant moves to compel answers to Defendant's Interrogatories and Document Demands, dated March 23, 2007 (Defendant's Exhibit B) ("Defendant's motion") (Doc. No. 107).  The certified class includes students who have been determined by Defendant to be in need of special education programs as well as student who Plaintiffs maintain should have been so designated.  Specifically, Defendant contends Plaintiffs' answers to the interrogatories and demands are non-responsive, incomplete or evasive.  Affidavit of David W. Oakes In Support of Defendant's Motion ("Oakes Affidavit"), ¶ 1.  According to Defendant, Plaintiffs' answers are tantamount to asserting that as a result of conducting extensive discovery, including a review of each class member's student file maintained by Defendant, Plaintiffs have

"found many instances that they believe give rise to a conclusion of systemic problems [*i.e.*, violations of applicable federal and state statutes and regulations], but that they will not disclose any of that." Defendant's Reply Memorandum (Doc. No. 110) at 7 (underlining added). Despite Plaintiffs' effort to provide the requested responses, the court finds Defendant's objection to Plaintiffs' answers to be meritorious.

Except with respect to Defendant's Interrogatory No. 1, Plaintiffs' responses consisted of material in which Plaintiffs' answers to each of Defendant's Interrogatories reiterated Defendant's interrogatory, and the additional statement "see Exhibits . . .." These exhibits are attached and incorporated by reference to Plaintiffs' answers (Defendant's Exhibit B). Neither Plaintiffs' responses nor the attached exhibits are paged or tabbed, thus making it difficult to locate the specific exhibit upon which the Plaintiffs' answer is predicated. For example, Defendant's Interrogatory No. 2 calls upon Plaintiffs to state the facts upon which Plaintiffs allege Defendant has failed to properly or timely evaluate learning disabled members of Plaintiffs' class including the allegation that Defendant failed to conduct adequate testing, assessments or evaluations of such students. In answer to Defendant's Interrogatory No. 2, after restating each part of the interrogatory addressed to students considered to be disabled pursuant to the Individuals with Disabilities Act ("IDEA"), Plaintiffs state "see Exhibits 1-5, 7, 12, 13, 15, 16, 19-26, 28-30, 32-38, 40-45 and 47." With respect to that part of Defendant's Interrogatory No. 2 seeking Plaintiffs' statement of facts supporting Plaintiffs' claim that Defendant violated certain of Plaintiffs' rights under Section 504 of the Rehabilitation Act, Plaintiffs responded that Defendant should consult Plaintiffs' Exhibits 61-66. In response to Defendant's request under Interrogatory No. 2 for the

factual basis supporting Plaintiffs' claim that Defendant failed to properly evaluate and test students not determined by Defendant to be learning disabled under the IDEA or Section 504, but who should have been so classified by Defendant, Plaintiffs directed Defendant to Plaintiffs' Exhibit 56.

Defendant's Interrogatory No.1 asks Plaintiffs to provide details of any "alleged deficiencies" in the education programs of the named class representatives.  Plaintiffs' answer provides no such details, rather, Plaintiffs' stated only that "[t]here continue to be alleged deficiencies" regarding the remaining class representative's program.

Plaintiffs' answer to Defendant's Interrogatory No. 2, seeking the basis for Plaintiffs' claim related to students who should have been identified as students in need of special education programs, which referred Defendant to Plaintiffs' Exhibit 56, further demonstrates the difficulty with Plaintiffs' answers to the other interrogatories.  This exhibit asserts Defendant violated certain federal and state laws establishing Defendant's so-called "child-find" obligations.  In response, Plaintiffs provide four defined criteria which are in turn associated by Plaintiffs to several student files as stated by Plaintiffs. However, none of the cited criteria explain why they are relevant to Defendant's asserted failure to comply with this obligation.  Thus, the asserted criteria do not fully state the basis of Plaintiffs' claims covered by this interrogatory

Defendant's Interrogatory No. 3 includes a request for the factual basis for Plaintiffs' allegation that Defendant failed to provide facilities "legally accessible to students with disabilities."  Plaintiffs' answer includes reference to Exhibit 57 which included the results of a physical survey of Defendant's elementary, junior high and senior high schools conducted by Plaintiffs, and Exhibit 58, Defendant's responses to

Plaintiffs' notice to admit.  However, a careful review of these exhibits fails to reveal how the information provided demonstrates that Defendant did not provide "legally accessible" facilities to Defendant's disabled students.  Plaintiffs undoubtedly know why they believe the information submitted in these exhibits demonstrates such failure, but Plaintiffs' answer fails to convey the factual basis for such belief.

Each of the exhibits referenced by Plaintiffs' answers to Defendant's interrogatories states in bold-capital letters an asserted failure by Defendant to comply with applicable laws and regulations.  For example, Plaintiffs' Exhibit 1, presents a bold-capped statement:  "Inadequate identification of students [*sic*] needs in IEPs."  Below this statement Plaintiffs provide citations to two federal statutes and a federal and state regulation, ostensibly describing a school district's obligation to provide particular students with special education programs.  Under this citation, Plaintiffs list student file numbers which refer to 41 confidential student files maintained by Defendant reviewed by Plaintiffs during discovery.  A similar form of answer was utilized by Plaintiffs for each of Defendant's interrogatories.  In the interest of economy, the court does not discuss each of Plaintiffs' answers to Defendant's interrogatories.

Confronted at oral argument with the court's observation that Plaintiffs' responses appeared to be deficient under the requirements of Fed.R.Civ.P. 33(a), Plaintiffs contended that upon reviewing the contents of each student's file as referenced by Plaintiffs in Plaintiffs' answers in relation to Plaintiffs' cited statutes and regulations, the facts upon which Plaintiffs' claims are based should be apparent to one familiar with federal and state special education law.  Additionally, in response to Defendant's requests for the factual basis for Plaintiffs' allegations that the alleged

violations addressed in each interrogatory are "systemic," Plaintiffs' answers asserted that "Defendant's conduct is systemic . . . because <u>of</u> <u>the</u> <u>extent</u> <u>of</u> [Defendant's] non-compliance <u>as</u> <u>evidenced</u> <u>by</u> <u>said</u> <u>Exhibits</u>" (bracketed material and underlining added). Thus, Plaintiffs' response to Defendant's request for a statement of the facts upon which Plaintiffs' allegations are based does not "describe in detail," as Defendant's interrogatories request, the facts which support Plaintiffs' allegations. Rather, Plaintiffs' responses are comprised of references to exhibits which provide no statement of facts or description of evidence to support Plaintiffs' allegations. Instead, each exhibit referenced by Plaintiffs communicates three types of information: (1) generalized assertions, similar if not identical to Plaintiffs' allegations Defendant failed to comply with certain obligations of Defendant with respect to Plaintiffs' legal rights to special education programs or services, or that Defendant failed to perform certain legally required steps or procedures adversely affecting Plaintiffs' rights, (2) an assertion of the federal and state statutes and related regulations, presumably those with which Plaintiffs believe Defendant inadequately or completely failed to comply, and (3) a list of student file numbers pertaining to student class members, files reviewed by Plaintiffs, as a result of which review Plaintiffs found support for Plaintiffs' allegations of Defendant's non-compliance with applicable legal requirements relevant to each such student. As such, Plaintiffs' answers describe a process for discovery of the facts and evidence supporting Plaintiffs' claims, but fail to describe with any reasonable degree of detail what those facts or evidence are.

   As a further example of this general deficiency in Plaintiffs' answers, Plaintiffs' Exhibit 1 asserts Defendant engaged in the "[i]nadequate identifications of students [*sic*]

needs in IEPs," based on the requirements of the cited students and regulations as to 41 referenced student files.  Even accepting that the abbreviation "IEPs" refers to individual education plans for each student, required under IDEA, the court finds such response does not "describe in detail," as Defendant demanded, the factual basis for Plaintiffs' allegation that Defendant has not evaluated students considered by Defendant to be disabled under IDEA, or how such lack of proper evaluations deprived Plaintiffs of their right to a free and appropriate public education as Defendant's interrogatory also requested.  Instead, by merely restating Plaintiffs' allegations coupled with the asserted statutory and regulatory requirements upon which Plaintiffs' allegations are assertedly based, Plaintiffs in effect seek to place upon Defendant the burden of examining each student file referenced by Plaintiff to ascertain the factual basis, if any, for Plaintiffs' allegations to which Defendant's interrogatories are challenged.

     The function of an interrogatory in federal civil practice is to "disclose the evidentiary basis" of a claim.  *Dot Com Entertainment Group, Inc. v. The Cyberbingo Corporation*, 237 F.R.D. 43, 45 (W.D.N.Y. 2006).  Here, the form of Plaintiffs' answers discloses only the legal requirements Plaintiffs assert are relevant to Plaintiffs' allegations, but do not point to, nor describe with any specificity, evidence or facts from which Defendant can reasonably ascertain the basis for Plaintiffs' conclusion, and related allegation, that Defendant has failed to comply with such legal requirements with respect to Plaintiffs. Plaintiffs' examination of each referenced student file may have convinced Plaintiffs that Defendant violated applicable legal requirements for each student whose file is referenced in a particular exhibit as relied upon by Plaintiffs'

answers; however, Plaintiffs' answers do not communicate how or why Plaintiffs reached such conclusion based on the information contained in the files. Nor do they point to any particular facts revealed in a student's file that support Plaintiffs' allegation with respect to such student. Thus, according to Plaintiffs, upon relating the cited statutes and regulations to the contents of each referenced student file, the answer to Defendant's interrogatories with respect to such file will become apparent to Defendant. "It is well-established that a requesting party may seek through discovery, to ascertain the factual basis for a requested party's allegations so as to narrow the issues and avoid surprise." *Cliffstar Corporation v. Sunsweet Growers,* 218 F.R.D. 65, 71 (W.D.N.Y. 2003) (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) (discovery intended to enable parties to "obtained the factual information needed for trial"); *Mathis v. Jacobs*, 167 F.Supp.2d 606, 623 (S.D.N.Y. 2001) (federal discovery rules to be interpreted broadly to achieve these purposes). Rather than promote these objectives, Plaintiffs' answers achieve little in the way of narrowing of issues, and do nothing to promote the avoidance of surprise.

While Plaintiffs' answers do not rely on Fed.R.Civ.P. 33(d), providing for an option to refer to business records in lieu of a specific answer, Plaintiffs did assert this option at oral argument in opposition to Defendant's motion. The business-record option requires that the "burden of deriving or ascertaining the answer will be substantially the same for either party." Fed.R.Civ.P. 33(d). Here, Plaintiff has failed to explain how or why such burden would be equivalent between the parties. Plaintiffs have taken approximately two years to review the relevant student files with the assistance of educational experts, and Defendant's interrogatories have been pending

throughout that period to allow Plaintiffs to complete their review with the expectation that Plaintiffs would then be able to provide satisfactory answers to the interrogatories. Oakes Affidavit ¶ 32.  Plaintiffs have thus reviewed the files with full awareness of the pending interrogatories and presumably know why they have now concluded, based on that review, that Defendant is guilty of the numerous deficiencies they continue to assert against Defendant.  To suggest that even with the assistance of Plaintiffs' format of answers to Defendant's interrogatories, Defendant can just as easily deduce the answers to Defendant's interrogatories as have Plaintiffs ignores the fact that Plaintiffs impliedly know the answers, and that Defendant is, in effect, being invited to determine what they are, and to base subsequent decisions regarding this litigation on such a determination including preparation for trial.  The purpose of Defendant's interrogatories is not to place on Defendant the burden to make such determinations, at their peril; rather, it is to require Plaintiffs to state unambiguously what such facts are.  Conversely, if after Plaintiffs' painstaking review of the files, Plaintiffs have not determined the factual basis for their allegations or evidence of the alleged violations, the function of an interrogatory pursuant to Rule 33(a) is that  Defendant be informed of this circumstance as well.  There is, therefore, no equivalence of burden of ascertainment based on a review of the student files by Defendant, as Plaintiffs have belatedly suggested.  Thus, Plaintiffs' contention based on Rule 33(d) to defeat Defendant's motion is without merit.

     Plaintiffs have also submitted an alternative form of answers to Defendant's Interrogatories Nos. 2 and 13 in an attempt to demonstrate the unfeasibility of responding with more detail to all of Defendant's interrogatories.  Affidavit of Bruce A. Goldstein, Esq. in Opposition (Doc. No. 109) at Plaintiffs' Exhibit C and D.  Defendant's

Interrogatory No. 2 seeks the basis for Plaintiffs' claims that Defendant violated the IDEA and Section 504 of the Rehabilitation Act, and Defendant's Interrogatory No. 13 asks Plaintiffs to describe the factual basis that supports Plaintiffs' allegation that Defendant failed to comply with federal and state law procedural requirements related to the special education rights of Plaintiffs.  Interrogatory No. 13 also requires Plaintiffs identify the specific legal basis for Plaintiffs' allegation, how such violations occurred, and how the alleged "deficiency" deprived Plaintiffs of an "appropriate public education."

Plaintiffs' proffered answer to these interrogatories consists of 16 pages containing multiple paragraphs of text and numbers representing the student file identification numbers used to facilitate Plaintiffs' review.  According to Plaintiffs, Plaintiffs' alternative form of answers to these two interrogatories, which Plaintiffs assert communicate the same information as do the current answers challenged by Defendant, provide basically the same information as do the more detailed responses in the two alternative form of answers, and therefore requiring Plaintiffs to produce such responses would be unduly burdensome.  Goldstein Affidavit ¶ 7.  Plaintiffs now complain that Defendant's interrogatories are "block busters," *id.*, but Plaintiffs served no timely objections raising either lack of relevancy or burdensomeness, and thus such objections are waived.  Fed.R.Civ.P. 33(b)(4).  However, the court finds the proffered answers equally fail to state any factual basis for Plaintiffs' allegations of deficits in Defendant's special education program.

For example, Plaintiffs' proposed response to Defendant's Interrogatory No. 13 states "Inadequate identification of students [*sic*]" needs in IEPs for student file numbers: 28142, . . .  as required by [Plaintiffs cited to federal and state law]."  No


indication of what, if any, student's needs are purportedly contained or identified in the respective files, nor why or how such identification should be considered to be "inadequate" either predicated on the cited legal requirements, any other legal, factual or evidentiary predicate.  As such, Plaintiffs' proposed form of response merely reiterates Plaintiffs' allegations with the addition of a reference to specific student files, but is otherwise entirely conclusory in substance leaving Defendant to speculate as to what if any facts or evidence Plaintiffs rely upon in reaching such a broad conclusion for each student.

Plaintiffs' next proposed answer asserts that Plaintiffs' procedural violation allegation is based on an "[i]nadequate composition of the [Defendant's] Committee on Special Education" regarding certain specified student files and as required by federal and state laws cited by Plaintiffs.  However, no facts or evidence are provided by Plaintiffs in this proposed form of answer to show such asserted inadequacy in the committee's composition.  Plaintiffs' proposed answer also alludes to numerous instances of Defendant's "failure" to provide documentation for changes in student placements, including goals in individual student IEPs, provide supplementary aids and services, a failure to include goals, conduct functional behavioral analysis, conduct appropriate evaluations and assessments, implement Behavior Intervention Plans, develop appropriate goals, conduct personality testing, and so forth.  In none of Plaintiffs' proposed answers do Plaintiffs indicate the facts or evidence upon which Plaintiffs have concluded that these numerous failures by Defendant occurred.  Such palpable deficiencies are also reflected in Plaintiffs' subsequent assertions relating to the content or completeness of student files, inadequate assessments of student

progress, and Plaintiffs' assertion that Defendant's IEPs "do not reflect a student's needs in the areas of transition," or "improper" grouping of certain students.

Finally, Defendant's interrogatories request Plaintiffs state the factual basis for Plaintiffs' allegations that Defendant's violation of Plaintiffs' rights is "systemic." As noted, *supra*, at 4, Plaintiffs' sole response to this question is that such "systemic" violations are based on the "extent of Defendant's non-compliance as evidenced by Plaintiffs' exhibits." As the court finds Plaintiffs' reliance upon its exhibits inadequate to inform Defendant of the basis of Plaintiffs' alleged violations, Plaintiffs' answers regarding the alleged "systemic" nature of such violations are, for the same reason, equally inadequate. Further, as the term "systemic" as alleged by Plaintiffs derives from the word "system," implying the existence of a policy or procedure guiding administrative decision that results in the asserted violations of Plaintiffs' rights, to merely assert that the numerosity, *i.e.*, "extent" of the alleged violations Plaintiffs maintain establishes such a systematic or "systemic" violation is devoid of facts, and thus unresponsive. Specifically, Plaintiffs make no effort to state whether such "systemic" violations resulted from Defendant's purposeful conduct, such as an official policy or established procedural neglect, or other causes including administrative decisions involving particular students.

Plaintiffs' answers may represent a good faith effort to respond to Defendant's interrogatories in a "user-friendly" format as Plaintiffs stated, Plaintiffs' Memorandum of Law at 2, however, Rule 33(a) requires answers that are reasonably responsive to

interrogatories.  Plaintiffs' answers are deemed, for the reasons stated, deficient.[1] Plaintiffs shall serve supplemental answers to each of Defendant's interrogatories in accordance with the foregoing.

## CONCLUSION

Defendant's motion (Doc. No. 107) is GRANTED.  Plaintiffs' supplemental answers to Defendant's interrogatories shall be served **within 20 days** of service of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2008
       Buffalo, New York

---

[1] Based on Plaintiffs' answer to Defendant's Interrogatory No. 1, it appears only one member of the certified class as to students deemed by Defendant to be disabled for purposes of Plaintiffs' IDEA and Rehabilitation Act claim remains enrolled in one of Defendant's schools.  Because the parties do not raise the issue, the court takes no position on whether it is necessary that, in responding to Defendant's interrogatories, Plaintiffs advert to the student files of each class member rather than limiting discovery to the files of the original class representatives or the remaining class representative in this case.  See MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.41 (noting that, in order to avoid defeating the purpose of class actions, post-class certification discovery, including use of interrogatories, is not typically allowed against individual class members).