UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| J.S., *et al.*, | **DECISION** |
| Plaintiffs, | **and ORDER** |
| -vs- | **00-CV-513S(F)** |
| ATTICA CENTRAL SCHOOLS, | |
| Defendant. | |

---

APPEARANCES:        GOLDSTEIN, ACKERHALT & PLETCHER, LLP
                    Attorneys for Plaintiffs
                    BRUCE A. GOLDSTEIN, of Counsel
                    70 Niagara Street, Suite 200
                    Buffalo, New York 14202

                    HARRIS BEACH LLP
                    Attorneys for Defendant
                    DAVID W. OAKES, of Counsel
                    99 Garnsey Road
                    Pittsford, New York 14534

In this class action alleging systemic violations of federal and state special educations laws and regulations, the court granted Defendant's motion to compel answers to interrogatories and document demands in an order dated July 31, 2008 (Doc. No. 112).  Defendant now seeks an order requiring Plaintiffs to pay the reasonable expenses, including attorney's fees, incurred by Defendant with respect to the motion to compel (Doc. No. 114).  On October 17, 2008, Plaintiffs filed an affidavit in opposition to the motion (Doc. No. 118) ("Goldstein Aff."), and Defendant filed a reply on October 23, 2008 (Doc. No. 120).  For the reasons that follow, the motion for expenses is DENIED.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion

to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  However, the court must not order this payment if the nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii).

Whether a party's conduct was "substantially justified" is determined with reference to an objective test of reasonableness and does not require that the party have acted in good faith. *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Substantially justified" does not mean that the challenged action was "justified to a high degree," but rather, conduct is substantially justified if there was a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *Pierce,* 487 U.S. at 565 (internal cites omitted).

Plaintiffs' counsel asserts that Plaintiffs timely served responses to each of the 25 interrogatories, referencing and attaching one or more exhibits, totaling 66, each of which identified specific violations, student records and specific federal and state statutes alleged to have been violated (Goldstein Aff. ¶¶ 2-4).  Plaintiffs also provided further clarification by letter to Defendants, prior to the filing of Defendant's motion to compel (Goldstein Aff. ¶ 5).  Plaintiffs contend that the motion to compel arose from a dispute as to the specificity required, and that they believed in good faith that their initial responses were legally sufficient.

In the court's decision on the motion to compel, I found that, despite their factual

deficiencies, Plaintiffs' answers to Defendant's interrogatories represented a "good faith effort to respond . . . in a 'user-friendly' format" (Doc. No. 112 , p. 11).  Plaintiffs timely responded to the discovery requests, although without the factual specificity required by Fed.R.Civ.P. 33.   As such, the court finds that there was a genuine dispute as to the sufficiency of the responses, and that the Plaintiffs were substantially justified in responding to the interrogatories as they did.  Accordingly, an award of expenses is not warranted and Defendant's motion (Doc. No. 114) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2009
       Buffalo, New York