UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

J.S. et al.,

                              Plaintiffs,

          v.                                           **DECISION AND ORDER**
                                                       00-CV-513S
ATTICA CENTRAL SCHOOLS,

                              Defendant.

## I. INTRODUCTION

Pending before this Court is Plaintiffs' motion for reconsideration of this Court's Decision and Order (Docket No. 210) denying Plaintiffs' motion for partial summary judgment and granting, in part, Defendant's motion for summary judgment.  (Docket Nos. 189, 194.)  Defendant has filed a response to Plaintiffs' motion, to which Plaintiffs have responded.  (Docket Nos.  213-215.) Following the parties' briefing on the motion to reconsider, Defendant filed a motion to strike the Plaintiffs' reply submissions.[1] (Docket No. 216.)

## II. BACKGROUND

By Decision and Order dated September 25, 2011, this Court decided six pending motions in this case. Defendant's two motions to dismiss parties (Docket Nos. 193, 208), Defendant's motion *in limine* to preclude evidence (Docket No. 125), and Defendant's motion to decertify the class (Docket No. 160) were denied by this Court and are not the subject of Plaintiffs' current motion for reargument/reconsideration (Docket No. 213).

---

[1] Plaintiffs' response in support of its motion (Docket No. 215), consists of several affidavits, exhibits, and a twelve-page memorandum, thereby exceeding the page limit for reply memoranda as provided by Local Rule of Civil Procedure 7(a)(2)(C).

1

This Court also considered Defendant's motion for summary judgment (Docket No. 189) and Plaintiffs' motion for partial summary judgment (Docket No. 194) and ruled in favor of Defendant Attica Central Schools (also referred to herein as "the District") on the majority of Plaintiffs' 41 claims or "Contentions."

Plaintiffs' 41 Contentions stem from five causes of action listed in their complaint. Due to the vague and repetitive nature of the complaint,[2] this Court distilled the issues to two causes of action, one alleging Free Appropriate Public Education ("FAPE") deprivations under the Individuals with Disabilities Education Act ("IDEA") and the other alleging discrimination under Section 504 of the Federal Rehabilitation Act relating to the accessibility of the District's facilities. (Dec. and Order dated 9/25/2011 (Docket No. 210) at 6-7.) Plaintiffs have stated in their motion papers that they do not seek reconsideration of the Court's decision in favor of the District with respect to the Section 504 non-discrimination cause of action (Pl. Mem. (Docket No. 213-5) at 5, n.5). Accordingly, only the first cause of action is the subject of Plaintiffs' present motion.

Specifically, Plaintiffs disagree with this Court's determination to grant summary judgment to the District on the basis that a number of Plaintiffs' claims were rendered moot by the District's remedial efforts to place their special education programs in compliance with the IDEA. Plaintiffs had sought only declaratory and injunctive relief with respect to violations occurring during the 2006-2007 school year.

This Court has deemed Plaintiffs' motion for reconsideration submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth

---

[2] Plaintiffs' causes of action were labeled First through Fourth and Sixth; all appeared to be based on essentially the same allegations.

below, Plaintiffs' motion is denied.

## III. DISCUSSION

### A.    Reconsideration Generally

A motion for reconsideration may be granted based on one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995); Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice"); Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). "[A] motion for reconsideration should not be granted when the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, No. 00-CV-3613, 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004) ("a motion for reconsideration does not mean the parties get a 'do over.'").

As Defendant has correctly argued, Plaintiffs have failed to establish any of the recognized bases for reconsideration of this Court's Decision of September, 25, 2011.

### B.    Injunctive Relief/Mootness

Plaintiffs set forth two arguments in support of their motion to reconsider this Court's previous decision and order. The first, entitled "Defendant's assertions of voluntary changes in policies and practices initiated more than seven years post-litigation do not

render Plaintiff's claims for injunctive relief moot,"  essentially argues that the Court misapplied the pertinent law to the facts of this case, warranting reconsideration.  (Pl. Mem. at 4-7; Pl.  Reply (Docket No.  215-3) at 3-8.)

While they refer in their memorandum to several legal citations, Plaintiffs present no intervening change in the law so as to warrant reconsideration.  Insofar as Plaintiffs aver that was a clear error of law in this Court's Decision and Order with regard to the issue of mootness, this Court disagrees.

Plaintiffs cite to Parents Involved in Community Schools v.  Seattle School Dist.  No. 1, 551 U.S. 701 (2007) for the proposition that the Defendant did not meet the "heavy burden" of establishing that its purported voluntary changes have rendered Plaintiffs' request for injunctive relief to be moot.  It is true that the Supreme Court has determined that a case may be dismissed as moot when it is absolutely clear that the allegedly wrongful conduct cannot be reasonably expected to recur. Seattle, 551 U.S. at 719.  In Seattle, the defendant school district "vigorously defended" the constitutionality of a challenged race-based desegregation program, acknowledged that it had ceased using the program pending the outcome of the litigation, and did not indicate that it would cease using that program if the litigation were to be resolved in its favor.  551 U.S. at 718.  Seattle is factually distinguishable from this case, because there is no evidence here that supports a conclusion that the District will revert its special education policies and practices to become non-compliant with IDEA at the conclusion of this lawsuit, and Defendant has vociferously refuted this assertion.[3]

---

[3] Plaintiffs do acknowledge that for this reason they are not seeking reconsideration of the Decision related to Section 504 accessibility "since it is unlikely that the District will undo the physical accessibility changes (verified by Plaintiffs) made during the course of the litigation."  (Pl. Mem. at 5, n.5.)

4

As the Second Circuit has observed, "[t]he voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Lamar Advertising of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 375 (2d Cir. 2004) (internal quotation marks and citations omitted). While there always exists the *possibility* of the District's future non-compliance with regard to its IDEA obligations, Plaintiffs "must point to something more in the record to lift that possibility beyond the speculative," Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 88 (2d Cir. 2005), which they clearly have not done here.

Accordingly, Plaintiffs' suggestion that this Court erroneously applied the relevant precedent is unavailing.

**C.    Section 504 Claims**

Plaintiff advances a second argument for reconsideration, which reads, "Students entitled to a FAPE under Section 504 regulations are not required to prove bad faith, gross misjudgment, or discriminatory intent." (Pl. Mem. at 7-12; Pl. Reply at 8-10.) Plaintiffs appear to be proposing that certain issues relating to their FAPE deprivation allegations were properly not addressed by this Court.

Plaintiffs' alleged FAPE violations arising under Section 504 of the Rehabilitation Act were set forth in their Contentions 38-41. This Court dismissed those Contentions on the basis of mootness in its discussion of Plaintiffs' IDEA claims, which constituted the remaining thirty-seven Contentions. (Dec. and Order dated 9/25/2011 at 17-18.)

Due to the complexity of this case and the convoluted nature of the Plaintiffs'

pleadings, this Court chose to focus on those claims or Contentions where issues of material fact existed for trial.  In doing so, this Court impliedly assumed that those remaining Contentions could form a basis for liability.

This Court therefore dismissed twenty-eight of Plaintiff's forty-one Contentions on the basis of mootness, as the District provided evidence of remedial or "revised" policies and procedures that, absent evidence to the contrary, complied with the relevant regulations.  Those dismissed Contentions (38 through 41) included the alleged violations arising under Section 504 of the Rehabilitation Act.

Defendant's proof at summary judgment indicated that its systems included a large number of policies, regulations, and forms used in its Section 504 practices and actions, and has an extensive continuum of services, education, supports, and accommodations for students classified under Section 504. Plaintiffs did not dispute the District's propounded facts.  In truth, Plaintiffs failed to submit a counter-statement of facts as required by Local Rule of Civil Procedure 56(a)(2), but rather responded to Defendant's facts in narrative form, referring back to their own Contentions, which, as this Court has already observed, simply state broad legal conclusions, in some instances followed by a general citation to a statutory or regulatory authority, or with no further explanation at all.[4] Accordingly, this Court found in favor of the Defendant with regard to Plaintiffs' FAPE claims brought under Section 504 of the Rehabilitation Act because Plaintiffs provided no evidence that Defendant was depriving Section 504 students of FAPE subsequent to the 2006-2007 school year.  Stated another way, this Court found no "live" issues relating to

---

[4] For example, Plaintiffs' Contention 38 simply states, "The Defendant has failed to follow it's [sic] own Section 504 Policies and Procedures."

6

Contentions 38 through 41 and therefore declaratory relief for the year 2006-2007 would be meaningless.

Moreover, in a footnote, the Court observed that any claims of FAPE deprivations under the IDEA could not be re-alleged as FAPE violations under Section 504 absent a showing of bad faith or gross misjudgment.  (Dec.  and Order dated 9/25/11 at 25, n.13.) This is well-settled by case law from this Circuit. See Wenger v. Canastota Cent. School Dist., 979 F.Supp. 147, 152 (N.D.N.Y.1997).  R.B. v. Board of Educ. of the City of New York, 99 F.Supp.2d 411, 419 (S.D.N.Y.2000); Zahran v. New York Dep't of Educ., 306 F.Supp.2d 204, 212-14 (N.D.N.Y.2004); L.G. v. Board of Educ. of Hyde Park Central School Dist., 368 F.Supp.2d 313 (S.D.N.Y. 2005).

In light of the foregoing, this Court cannot find that Plaintiff has presented clear error or manifest injustice so as to warrant reconsideration of this Court's September, 25, 2011 Decision and Order.

## IV. CONCLUSION

Due to the complexity of this case and the number of issues resolved in its previous Decision and Order, this Court reiterates that issues of fact remain with regard to the following Contentions: 2, 3, 11, and 27-36.  These Contentions all pertain to alleged FAPE deprivations arising under the IDEA and related New York State education laws.  A trial date will be set to decide those thirteen Contentions, although, as this Court has previously stated, the parties are urged to consider mediation to resolve this case.[5]

---

[5] See, e.g., Manual for Complex Litigation Second § 23.11(1985) ("Many more cases are concluded by settlement than by trial. This reflects the fact that most lawyers and litigants prefer a negotiated solution to the costs, time, and uncertainty inherent in trial. Because both the expense and risk of loss are magnified in complex cases, such actions are even more amenable to compromise than routine cases . . . . ")

Plaintiffs' remaining twenty-eight Contentions (1, 4-10, 12-26, and 37-41)[6] have been addressed by Defendant during the pendency of this lawsuit rendering injunctive relief unnecessary and have therefore been dismissed. Plaintiffs' motion seeking to reconsider the September 25, 2011 Decision and Order of this Court dismissing those Contentions and granting partial summary judgment to the District is denied, as they have not shown any extraordinary circumstances necessary for reconsideration.

In light of this Court's decision denying Plaintiffs' motion for reconsideration, the pending motion by Defendant to strike Plaintiffs' reply submissions is denied as moot.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' motion for reconsideration (Docket No. 213) and Defendant's motion to strike (Docket No. 216) are DENIED.


SO ORDERED.

Dated:         December 9, 2011
               Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court

---

[6] The District has pointed out that, although this Court dismissed all of Plaintiffs' Contentions other than 2, 3, 11, and 27-36, a typographical error exists on page 24 of the Decision and Order, which numerically lists the dismissed claims. To clarify, the dismissed Contentions include 1, 4-10, 12-26, and 37-41.