UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

J.S., *et al.*,

                Plaintiffs,

v.                                       **DECISION AND ORDER**
                                                         00-CV-513S

ATTICA CENTRAL SCHOOLS,

                Defendant.

## I. INTRODUCTION

Plaintiffs, disabled former students in the Attica Central School District ("Defendant" or "District"), commenced this action on behalf of themselves and others similarly situated on June 14, 2000, seeking equitable relief, costs, and attorney's fees from Defendant pursuant to the Individuals with Disabilities Education Act, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and related New York State education law. Presently before this Court is the parties' Joint Motion for Approval and Entry of Settlement and Dismissal. For the reasons stated below, the parties' motion is granted.

## II. BACKGROUND[1]

Over objections by Defendant, Plaintiffs' Motion for Class Certification was granted on March 8, 2006. (Docket No. 61.) After several years of extensive discovery, Defendant filed a motion for summary judgment on February 22, 2011. (Docket No. 189.) Plaintiffs then filed a motion for partial summary judgment on February 28, 2011. (Docket No. 194.) This Court denied Defendant's motion in part and granted it in part. (Docket No. 210.)

---

[1] A more thorough discussion of this case's history may be found in this Court's Decision and Order, dated September 27, 2011. (Docket No. 210.)

Specifically, the Court ruled in favor of the District on all of Plaintiffs' 41 claims or "contentions" with the exception of contentions 2, 3, 11, and 27-36, as to which issues of fact remained. (Docket No. 217.)[2] Plaintiff's motion was denied. Defendant filed a second motion for summary judgment on February 16, 2012. (Docket No. 221.) That motion is still pending before this Court.

The parties then notified this Court that this case had been settled in principle and that they were preparing the documents necessary to effectuate settlement. (Docket No. 228.) Subsequently, on June 19, 2012, the parties set forth the terms and conditions of their settlement in a Joint Motion for Approval and Entry of Settlement and Dismissal. (Mot. for Settlement, pp.3-4, Docket No. 229-1.) Therein, the parties agree to settle all claims and to dismiss this action with prejudice. (Id. at 3.) Under the settlement no party admits liability, and the parties further agree that the individual rights of parents to pursue individual allegations on behalf of their children will be unaffected. (Id. at 3-4.) Counsel for Plaintiffs shall be paid by Defendant's insurance carrier in the sum of $300,000. (Id. at 4.) The Settlement Agreement represents a final and unappealable resolution. (Id.) In their motion, the parties also request to dispense with the formal requirements of Rule 23(e), including a fairness hearing.

### III. DISCUSSION

Claims of a certified class may be settled, voluntarily dismissed, or compromised only with a court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23 "exist primarily to discourage individual plaintiffs from using

---

[2]This Court provided a more thorough explanation of which of Plaintiff's claims survived in its Decision and Order denying Plaintiff's Motion for Reconsideration. (Docket No. 217.)

the class action device to secure unjust settlements to the detriment of the interests of the rest of the class." Doe by Doe v. Perales, 782 F. Supp. 201, 206 (W.D.N.Y. 1991). For this reason, settlements pursuant to Rule 23 first "require notice, in a reasonable manner, to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). A court will only approve a settlement after holding a fairness hearing and finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Any class member may appear before the court and voice their objections to the proposal. Fed. R. Civ. P. 23(e)(5).

A proposed settlement's fairness is determined "by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001). The court must evaluate the negotiating process in light of "the experience of counsel, the vigor with which the case was prosecuted, and the coercion or collusion that may have marred the negotiations themselves." Malchman v. Davis, 706 F.2d 426, 433 (2d Cir. 1983) (citations omitted). As to procedural fairness, "a court reviewing a proposed settlement must pay close attention to the negotiating process, to ensure that the settlement resulted from 'arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interests.'" D'Amato, 236 F.3d at 85 (quoting Weinberger v. Kendrick, 698 F.2d 61, 74 (2d Cir.1982)). The substantive fairness of a settlement will be reviewed based on nine factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the

settlement fund to a possible recovery in light of all the attendant risks of litigation.

City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), *overruled on other grounds by* Missouri v. Jenkins, 491 U.S. 274, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989); see also Wal–Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005); Dupler v. Costco Wholesale Corp., 705 F. Supp. 2d 231, 238 (E.D.N.Y. 2010).

Because there is a strong judicial policy in favor of settlements, particularly in class action litigation, there is a presumption of fairness, adequacy, and reasonableness in proposed settlements. See Wal–Mart Stores, 396 F.3d at 116; In re PaineWebber Ltd. P'ships Litig., 147 F.3d 132, 138 (2d Cir. 1998). "The settlement hearing must not be turned into a trial or a rehearsal of the trial." Ebbert v. Nassau, No. CV 05-5445 AKT, 2011 WL 6826121, at *8 (E.D.N.Y. Dec. 22, 2011) (quoting Grinnell, 495 F.2d at 463). Such a procedure "would emasculate the very purpose for which settlements are made." Id. At the same time, a court must avoid "any rubber stamp approval" and instead pursue an independent evaluation. Id.

Despite the general rule, some courts have approved class action settlements without requiring notice and/or a fairness hearing. See Sheinberg v. Fluor Corp., 91 F.R.D. 74, 75 (S.D.N.Y. 1981); Plaskow v. Peabody Int'l Corp., 95 F.R.D. 297, 299 (S.D.N.Y. 1982); Doe, 782 F. Supp. at 207; Green v. Am. Exp. Co., 200 F.R.D. 211, 213 (S.D.N.Y. 2001); Selby v. Principal Mut. Life Ins. Co., No. 98 CIV. 5283(RLC), 2003 WL 22772330, *3-*4 (S.D.N.Y. Nov. 21, 2003); Town of Greece, N.Y. v. Eastman Kodak Co., No. CIV.A.06CV6570L(F), 2007 WL 2126277, *1 (W.D.N.Y. July 24, 2007). Courts granting dismissal without notice or a hearing have taken a "functional approach" to Rule 23. In re

Nazi Era Cases Against German Defs. Litig., 198 F.R.D. 429, 441-42 (D.N.J. 2000) (citing Anderberg v. Masonite Corp., 176 F.R.D. 682, 689 (N.D. Ga. 1997)). As explained in In re Nazi Era Cases, "if there is no evidence of any collusion between the named plaintiffs and the defendants in seeking [settlement] and no evidence of any prejudice to absent class members," the requirements of Rule 23 may not be compulsory. 198 F.R.D. at 442 (quoting Anderberg, 176 F.R.D. at 689) (citations omitted). "Rather than insist on a narrow, strict interpretation of Rule 23(e), the more enlightened approach adopted by courts avoids judicial time expenditure and relieves the parties of the expense of notice when it is appropriate." Id. at 441 (quoting H. Newberg, Class Actions § 2620 (1977)). In other words, when Rule 23 would not serve its intended purpose of ensuring that the settlement is fair, but would, in fact, jeopardize or unnecessarily prolong the settlement, a court may forego its requirements. See Green, 200 F.R.D. at 212; In re Nazi Era Cases, 198 F.R.D. at 442; Anderberg, 176 F.R.D. at 689.

Courts have outlined several scenarios under which such an approach may be appropriate. See Green, 200 F.R.D. at 212. "These include (1) when the terms of the settlement provide near complete relief to the plaintiffs; (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class; (3) when there is no evidence of any collusion between the parties; and (4) when the cost of notice would risk eviscerating the settlement agreement." Id. The amount of attorneys' fees stipulated in the settlement is also relevant. Plaskow, 95 F.R.D. 299. If attorneys' fees are "manifestly fair and reasonable," the risk of foul play is largely diminished. Id. In Selby, the court added that "the state of the proceedings and the amount of discovery completed, the terms of the

settlement, the costs and risks of continued litigation, and the likelihood of recovery" are also probative of whether or not the parties made a full and honest effort at litigating the case. 2003 WL 22772330, at *2 (citing Rievman v. Burlington N. R.R. Co., 118 F.R.D. 29, 32-33 (S.D.N.Y. Nov. 25, 1987)). The "most significant" of the considerations is "the strength of plaintiffs' case balanced against the settlement offer." Id. (quoting In re Traffic Exec. Assoc. v. E. R.Rs., 627 F.2d 631, 633 (2d Cir. 1980)).

Within these constraints courts have adopted a functional approach to Rule 23 to varying degrees. For example, some courts have found exception to Rule 23 only for pre-certified classes. See Shelton v. Pargo, Inc., 582 F.2d 1298, 1304-14 (4th Cir. 1978) (notice unnecessary for pre-certified classes but, "once the suit is certified as a class action, it may not be settled or dismissed without the approval of the court"). Other courts have made exception to the notice requirement contained in Rule 23(e)(1), but have not mentioned the hearing requirement under Rule 23(e)(2). See In re Nazi Era Cases, 198 F.R.D. at 441; Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co., 93 F.R.D. 497, 500 (E.D. Pa. 1982). Several courts have declined to adopt exceptions to Rule 23 entirely. See Anderberg, 176 F.R.D. at 688-90 (explaining that most courts, including the Seventh and Eleventh Circuits in general, have concluded that Rule 23(e)'s requirements do apply, even in pre-certification dismissals and settlements).[3]

Courts within the Second Circuit have been relatively liberal in approving settlements under the functional approach. Various courts have recognized exceptions to both the notice and hearing requirements. See Doe, 782 F. Supp. at 207; Plaskow, 95

---

[3]Decisions cited by Anderberg include Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1406–11 (9th Cir.1989), Glidden v. Chromalloy Am. Corp., 808 F.2d 621, 625–28 (7th Cir. 1986), and Kahan v. Rosenstiel, 424 F.2d 161, 163 (3d Cir. 1970).

6

F.R.D. at 299. Other courts have exempted certified classes from Rule 23(e). See Doe, 782 F. Supp. at 206; Green, 200 F.R.D. at 212; Selby, 2003 WL 22772330, at *1. In Plaskow the court did not enforce Rule 23's notice and hearing requirements even though the claim was one for monetary, as opposed to injunctive, relief. 95 F.R.D. at 298-99 (explaining that "in view of the small amount at issue, the recovery would likely be substantially, if not entirely, depleted by the direct and incidental costs of notice and a hearing").

Upon review of the parties' Motion for Settlement, this Court believes this to be a case suitable for disposition under the functional approach. Thus, this Court grants the parties' request to dispense with a Rule 23(e)(2) fairness hearing. In so doing, this Court finds that the proposed settlement is fair and reasonable, and that various of the considerations discussed in cases like Green and Selby are present.

First, the Plaintiffs in this case sought only injunctive relief in the form of equitable remedies, costs, and attorney's fees from Defendant. (Docket No. 210.)[4] Plaintiffs requested that the District make changes toward correcting "systemic violations" of special education procedures, including accessibility issues, throughout school facilities. (Mot. for Settlement at 1-2). Specifically, Plaintiffs advanced 41 claims that fell into three general categories: (1) a failure to provide "parent counseling training" for students who are either autistic or in other special placement programs; (2) inadequate composition of the District's Committee on Special Education; and (3) failures regarding "transition services" for Individualized Education Programs. (Def.'s Mem. in Supp. of Def.'s Second Mot. for Summ. J., pp.1-2, Docket No. 221-5). When settlement provides for only injunctive relief and

---

[4]Plaintiffs previously withdrew their request for compensatory damages. (Docket No. 210.)

costs, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, creating an implication of good faith. Green, 200 F.R.D. at 212.

Additionally, the settlement provides near complete relief to Plaintiffs. Defendant has already prevailed on a majority of Plaintiffs' 41 contentions in the first motion for summary judgment. (Docket No. 217.)[5] Even though a few disputed issues remain, Plaintiffs admit that the District has resolved most of them over the course of litigation. (Goldstein Aff. ¶ 5, Docket No. 229-3). Further, Plaintiffs' architectural consultants have verified that almost all of the inaccessibility issues have, in fact, been corrected. (Id.) Plaintiffs are unable to dispute the District's compliance with the law post-2007, and acknowledge that the District has significantly upgraded its facilities in accordance with the necessary standards. (Id.) Moreover, this Court has recognized the District's present compliance with the law. As a result, few issues remain to be litigated and Defendant's Second Motion for Summary Judgment is likely to be granted. (See Oakes Aff. ¶ 9, Docket No. 229-2.) Even if it were not, both parties would bear further costs in appealing this case to the Second Circuit.[6] Plaintiffs also do not refute Defendant's Second Motion for Summary Judgment and believe that it provides efficient closure to this case. (Tr. of Status Conf., 5:8-6:2.) The facts of this case and the terms of the settlement acknowledge that Plaintiffs have already gained near complete relief, making further litigation unnecessary. Doe, 782 F. Supp. at 206.

There is also no evidence of collusion between the parties. Both sides have litigated with zeal and dedication. Over a 12-year span, the parties have conducted extensive

---

[5] This Court dismissed 28 of Plaintiffs' 41 Contentions on the basis of mootness after Defendant provided evidence of remedial policies. (Tr. of Status Conf. 12/12/11, 4:15-25, Docket No. 222)
[6] Indeed, Defendant has already appealed this matter once before, on the issue of dismissal under Rules 12(b)(1) and (6). (Docket No. 38.)

discovery including professional inspections and interrogatories. (Mot. for Settlement at 2). Both parties have also engaged in summary judgment motion practice. (Id.) The parties agree that, given the changes made by Defendant, there is no need for further injunctive relief or monitoring. (Id. at 3). The adequacy, fairness, and reasonableness of a settlement are all indicative of a lack of collusion among counsel. Green, 200 F.R.D. at 213; Doe, 782 F. Supp. at 207. The overall risk of the attorneys engaging in anything but arms-length negotiations is therefore minimal.

Further, the state of the proceedings and the amount of discovery completed are indications of the ripeness of this suit for settlement. Selby, 2003 WL 22772330, at *2. This court has previously noted that considerable progress has been made since the beginning of this lawsuit, narrowing the issues, and suggested that the parties should consider settlement and compromise rather than proceeding with further litigation. (Goldstein Aff. ¶ 8.) The parties have agreed that, given the state of the proceedings, to go forward with this suit would subject the parties and this Court to needless expenditure of further resources. Sheinberg, 91 F.R.D. at 75.

The attorneys' fees—consisting of $300,000 for work spanning 12 years, including the use of architectural consultants—are also "manifestly fair and reasonable." (Mot. for Settlement at 4); Plaskow, 95 F.R.D. 299. "The costs and risks of continued litigation," compared to the likelihood of further recovery, are substantial. Selby, 2003 WL 22772330, at *2. Plaintiffs' counsel have met with the parent representatives of this class, who recognize the District's progress over the last 12 years and the benefits of settlement in this action. (Goldstein Aff. at 3). Thus, considered in its totality, this case is ripe for settlement. Further, it is a case perfectly suited to resolution by the functional approach adopted by

courts in decisions like <u>Selby</u> and <u>Green</u>. Accordingly, parties' request will be granted and the proposed settlement approved.

## IV. CONCLUSION

For the reasons stated, the parties' Joint Motion for Approval and Entry of Settlement and Dismissal is granted.

## V. ORDERS

IT IS HEREBY ORDERED that the Joint Motion for Approval and Entry of Settlement and Dismissal (Docket No. 229) is GRANTED;

FURTHER, that for the reasons discussed in this Decision and Order, this Court finds that the releases and other terms of the proposed settlement, as set forth in the parties' "Settlement and Dismissal" (Docket No. 229), are fair, adequate, and reasonable as to the settling parties, and not a product of collusion. Consequently, the settlement is approved. The settling parties are directed to perform in accordance with the terms set forth in that document;

FURTHER, that all claims asserted in this lawsuit are DISMISSED with prejudice;

FURTHER, that the individual rights of parents to pursue individual allegations on behalf of their children were not part of this action and are unaffected by this settlement;

FURTHER, that no party shall appeal, or attempt to appeal, or have set aside, this Settlement and Dismissal and its entry as the final and unappealable resolution of this action;

FURTHER, that no party shall represent to any person or entity that any party to this action has been or is guilty of any violation of law in connection with the allegations that were the subject of this action;

FURTHER, that counsel for Plaintiffs (Bruce A. Goldstein, Arthur H. Ackerhalt, and Jay C. Pletcher—Goldstein, Ackerhalt & Pletcher, LLP) shall be paid by Defendant's insurance carrier in the sum of $300,000, in full payment and satisfaction of any claim or possible claim by Plaintiffs for any award of attorneys' fees and/or costs;

FURTHER, that within 30 days of entry of this Order, Defendant shall post on the School District's website the Notice attached to the parties' motion as Exhibit A (Docket No. 229);

FURTHER, that Defendant's Second Motion for Summary Judgment (Docket No. 221) is DENIED as moot;

FURTHER, that the Clerk of Court is directed to close this case.


SO ORDERED.

Dated: July 26, 2012
      Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                           Chief Judge
                                              United States District Court